No. 23-12882-B

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

JAY D. GOULD,
*Plaintiff-Appellant,*

v.

INTERFACE, INC.,
*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of Georgia

---

## APPELLANT'S REPLY BRIEF

---

Keith R. Blackwell
  Georgia Bar No. 024493
John E. Stephenson, Jr.
  Georgia Bar No. 679825
Christopher C. Marquardt
  Georgia Bar No. 471150
Leigh R. Shapiro
  Georgia Bar No. 408330

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

*Counsel for Plaintiff-Appellant Jay D. Gould*

*Jay D. Gould v. Interface, Inc.*
*No. 23-12882-B*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1 *et seq.,* counsel for Appellant certifies that the following persons and organizations have an interest in the outcome of this appeal:

1. Alston & Bird LLP, *counsel for appellant;*

2. BlackRock, Inc. (NASDAQ symbol: BLK), *affiliate of appellee;*

3. Blackwell, Keith R., *counsel for appellant;*

4. Bly, Hon. Christopher C., *United States Magistrate Judge;*

5. Clyde, Thomas M., *counsel for appellee;*

6. Edwards, Whitney Bly, *former counsel for appellant;*

7. Gaither, Lesli Nicole, *counsel for appellee;*

8. Garett, Jr., C. Allen, *counsel for appellee;*

9. Gould, Jay D., *appellant;*

10. Greenberg Traurig, LLP, *former counsel for appellant;*

11. Grimberg, Hon. Steven D., *United States District Judge;*

12. Herbert, Brittany Nash, *counsel for appellee;*

C-1

*Jay D. Gould v. Interface, Inc.*
*No. 23-12882-B*

13. Hudson, Stephen E., *counsel for appellee;*

14. Interface, Inc. (NASDAQ symbol: TILE), *appellee;*

15. Khan, Fahad Ali, *former counsel for appellant;*

16. Kilpatrick Townsend & Stockton LLP, *counsel for appellee;*

17. Long-Daniels, David W., *counsel for appellant;*

18. Lumpkin, M. Allyson, *counsel for appellant;*

19. Marquardt, Christopher C., *counsel for appellant;*

20. Poole II, Robert H., *former counsel for appellant;*

21. Shapiro, Leigh R., *counsel for appellant;*

22. Squire Patton Boggs (US) LLP, *counsel for appellant;*

23. Stephenson Jr., John E., *counsel for appellant;* and

24. Wilson, Natasha, *former counsel for appellant.*

Appellant further certifies that appellee Interface, Inc. (NASDAQ symbol: TILE) is a publicly traded company, and to his knowledge, BlackRock, Inc. (NASDAQ symbol: BLK) is the only publicly traded company that owns 10 percent or more of its stock.

*/s/ Keith R. Blackwell*
Keith R. Blackwell
  Georgia Bar No. 024493
ALSTON & BIRD LLP

C-2

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ............................................................... C-1

TABLE OF CONTENTS ......................................................................... i

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION .................................................................................... 1

ARGUMENT AND CITATION OF AUTHORITY .................................. 4

    A.    The District Court's Misinterpretation of Mr. Gould's Employment Agreement is Adequately Preserved for Appellate Review ...................................................................... 4

    B.    The District Court Misinterpreted Mr. Gould's Employment Agreement. ........................................................... 11

    C.    The Summary Judgment for Interface on Mr. Gould's Claim for Breach of his Employment Agreement (and his Derivative Claim for Attorneys' Fees) Should Be Reversed. 18

CONCLUSION ......................................................................................... 20

CERTIFICATE OF COMPLIANCE ....................................................... 21

CERTIFICATE OF SERVICE ................................................................. 22

i

# TABLE OF AUTHORITIES

**Page(s)**

<span style="font-variant: small-caps;">CASES</span>

*Archer W. Contractors, Ltd. v. Estate of Estate of Pitts*,
  292 Ga. 219, 735 S.E.2d 772 (2012)......................................................15

*Automatic Sprinkler Corp. v. Anderson*,
  243 Ga. 867, 257 S.E.2d 283 (1979)....................................8, 9, 17, 18

*Barr v. Johnson*,
  777 F. App'x 298 (11th Cir. 2019)......................................................11

*Bradshaw v. Reliance Std. Life Ins. Co.*,
  707 F. App'x 599 (11th Cir. 2017)........................................................7

*Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*,
  34 F.4th 978 (11th Cir. 2022) .............................................................7

*In re Home Depot Inc.*,
  931 F.3d 1065 (11th Cir. 2019)....................................................7, 8, 9

*Jackson v. JHD Dental, LLC*,
  No. 1:10-CV-00173-JEC, 2011 U.S. Dist. LEXIS 63015 (N.D.
  Ga. June 14, 2011) ............................................................................19

*Jones v. Golden Rule Ins. Co.*,
  748 F. App'x 861 (11th Cir. 2018)........................................................8

*Langley v. MP Spring Lake, LLC*,
  307 Ga. 321, 834 S.E.2d 800 (2019) ..................................................14

*Lebron v. Nat'l R.R. Passenger Corp.*,
  513 U.S. 374 (1995)..............................................................................7

*Pugliese v. Pukka Dev., Inc.*,
  550 F.3d 1299 (11th Cir. 2008)........................................................7, 8

*Russell v. Bd. of Trs.*,
  243 F.3d 336 (7th Cir. 2001)..............................................................19

*Schwartz v. Schwartz*,
    275 Ga. 107, 561 S.E.2d 96 (2002)......................................................15

*Sec'y U.S. Dep't Lab. v. Preston*,
    873 F.3d 877 (11th Cir. 2017).............................................................7

*Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs.*,
    872 F.3d 1161 (11th Cir. 2017)...........................................................8

**RULES**

Eleventh Circuit Rules 26.1-1.............................................................. C-1

Northern District of Georgia Local Rule 7.2...........................................10

## INTRODUCTION

Interface fired Mr. Gould, ostensibly for cause. Mr. Gould claims, however, that there was no actual cause for his termination under the terms of his employment agreement. This dispute about cause for termination is the critical issue in this litigation, and how this critical issue should be resolved is the question presented in this appeal. The agreement itself defines "cause" expressly and comprehensively, and Mr. Gould argues that the putative cause for his termination must be measured against the contractual definition of cause. Interface contends, on the other hand, that the agreement vests it with an absolute and unreviewable discretion to determine cause for termination, contractual definitions notwithstanding. The district court adopted Interface's interpretation of the agreement, and as a result, it awarded summary judgment to Interface on Mr. Gould's claim for breach of his employment agreement. The district court misinterpreted the agreement.

Interface now contends that Mr. Gould failed to preserve the misinterpretation of the agreement for appellate review. But throughout this litigation, Mr. Gould consistently has pointed to the definition of "cause" in his employment agreement, and he consistently has argued that cause

for his termination must be determined by reference to this contractual definition. Moreover, Mr. Gould consistently has disputed that the agreement vests Interface with an absolute and unreviewable discretion to determine cause. Although his *arguments* about the proper interpretation of the agreement may have become more refined over the course of the litigation, the interpretative *issue* presented here for review was joined by Mr. Gould from the beginning. Interface confuses arguments and issues, and its contention that Mr. Gould failed to adequately preserve the misinterpretation of his employment agreement for appellate review is misplaced.

On the merits, Interface fails to engage meaningfully with the interpretation of the employment agreement that Mr. Gould has proposed, one that the district court on reconsideration conceded was "certainly a reasonable one."[1] Interface instead sets up and knocks down a series of strawman arguments that Mr. Gould does not advance in this appeal, all of which are immaterial to the interpretative issue presented. For instance, Interface devotes no less than four pages of its brief to an argument that contracts vesting a party with an absolute and unreviewable

---

[1] (Doc. 252 at 8.)

discretion are enforceable under Georgia law,[2] apparently to refute the idea—which Mr. Gould never has advanced—that any employer's determination of cause under any contract always must be judicially reviewable. Interface devotes another section of its brief to an argument that, when a contract vests an employer with qualified discretion to determine cause for termination, the employer only needs to show a good-faith basis for a firing.[3] But all of these arguments beg the proper interpretation of Mr. Gould's employment agreement. Because the agreement vests Interface with no discretion to determine cause, these arguments cannot salvage the summary judgment awarded in error by the district court.

This Court should reverse the judgment below.

---

[2] (Appellee's Br. at 45-49.)

[3] (Appellee's Br. at 49-54.) In the district court, Mr. Gould disputed that Interface had even a good-faith basis for terminating his employment for cause. (Doc. 167 at 37-38, 41.) But properly understood, the employment agreement vests Interface with *no* discretion to determine cause—neither absolute discretion nor qualified discretion—so good faith is irrelevant to Mr. Gould's claim for breach of his employment agreement.

## ARGUMENT AND CITATION OF AUTHORITY

**A.  The District Court's Misinterpretation of Mr. Gould's Employment Agreement is Adequately Preserved for Appellate Review.**

In this appeal, Mr. Gould argues that the district court misinterpreted his employment agreement—it misunderstood the agreement to vest Interface with an absolute and unreviewable discretion to define cause for the termination of his employment, the explicit contractual definition of "cause" notwithstanding—and erroneously awarded summary judgment to Interface based upon its misinterpretation. Interface devotes much of its brief to a misplaced contention that the misinterpretation of the agreement is not adequately preserved for appellate review because Mr. Gould waited too long to point the district court to the *best* understanding of the agreement. This contention rests upon an evident confusion of *issues* and *arguments,* which are treated distinctly in the law concerning the preservation of issues for appellate review. Mr. Gould timely joined the interpretative *issue* presented in this appeal—he has pressed it from the beginning of the litigation—even if his *arguments* have become more refined over the course of the litigation. The Court should reject this claim of waiver and reach the merits of Mr. Gould's appeal.

Most fundamentally, the interpretative issue presented here comes down to this question: Under Mr. Gould's employment agreement, is cause for his termination to be determined exclusively by reference to the contractual definition of "cause," or is the determination of cause instead committed to the discretion of Interface, contractual definitions notwithstanding? On this fundamental question, Mr. Gould has consistently argued that "cause" is defined expressly, comprehensively, and exclusively by his agreement. Indeed, from the beginning of this litigation, Mr. Gould claimed that Interface breached his employment agreement by failing to pay the compensation to which he contractually was entitled in the event that he was terminated *without* cause, notwithstanding that Interface purported to terminate his employment *for* cause. (Doc. 4 at 18, ¶69. *See also* Doc. 4 at 8-9, ¶25.) And very importantly, with respect to the question of cause, Mr. Gould from the beginning pointed to the explicit definition of "cause" in his employment agreement as the sole and definitive measure of cause in this case. (*See* Doc. 4 at 7-8, ¶24.)

When Interface moved for summary judgment on Mr. Gould's claim for breach of his employment agreement, Interface argued that the question of cause should not be resolved with reference to the contractual

5

definition of "cause" because the agreement, Interface said, commits the question of cause to its sole, absolute, and unreviewable discretion, contractual definitions notwithstanding. (*See* Doc. 134-1 at 22-23, 26.) In response, Mr. Gould squarely disputed that Interface has discretion to define cause however it wants, arguing that any discretion conferred upon Interface with respect to his termination is limited by the explicit contractual definition of "cause." (*See* Doc. 174-1 at 29.) And to leave no doubt, Mr. Gould argued specifically that "[w]hether [his] termination was with or without [c]ause is dictated by limited terms of what constitutes termination for '[c]ause,' a defined term in [his] employment agreement." (Doc. 174-1 at 30.) After the magistrate judge issued a report and recommendation that interpreted the employment agreement as Interface urged, Mr. Gould objected that this interpretation "renders meaningless the defined terms of the '[c]ause' provision of the employment contract." (Doc. 198 at 32.) This was more than enough to preserve the interpretative *issue* presented here for appellate review.

To be sure, Mr. Gould's *arguments* on this preserved issue have become more refined over the course of the litigation, but that is no impediment to appellate review. "[N]ew claims or issues" cannot be raised for

6

the first time on appeal. *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1304 n.3 (11th Cir. 2008). "But there is a difference between raising new issues and making new arguments on appeal." *In re Home Depot Inc.,* 931 F.3d 1065, 1086 (11th Cir. 2019). As this Court has explained,

> [p]arties can most assuredly waive positions and issues on appeal, but not individual arguments. . . . Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable. (Were the rule otherwise, we could never expect the quality and depth of argument to improve on appeal—an unfortunate result.)

*Sec'y U.S. Dep't Lab. v. Preston,* 873 F.3d 877, 883 n.5 (11th Cir. 2017). *See also Bradshaw v. Reliance Std. Life Ins. Co.,* 707 F. App'x 599, 605 (11th Cir. 2017) ("A party may take a 'new approach' to an issue preserved for appeal; she may improve how she articulated the same arguments when she was before the district court, and a good attorney often does.").

"[P]arties are not limited to the precise arguments that they made below," and they may present a new argument on appeal "to support what has been [a] consistent claim." *Lebron v. Nat'l R.R. Passenger Corp.,* 513 U.S. 374, 379 (1995). *See also Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.,* 34 F.4th 978, 983 n.10 (11th Cir. 2022) ("The issue of breach is clearly before the Court, and parties may raise new arguments in

7

support of already-raised legal issues on appeal."); *Jones v. Golden Rule Ins. Co.,* 748 F. App'x 861, 865-66 (11th Cir. 2018) ("To the extent that Jones's analysis of [certain contractual] terms is any different on appeal, she is simply making a new argument in further support of her consistent claim that she is entitled to reimbursement. . . ."); *Pugliese,* 550 F.3d at 1304 n.3 ("[N]ew arguments relating to preserved claims may be reviewed on appeal."). Indeed, so long as the *issue* is preserved, parties are even permitted to advance new and *inconsistent* arguments on appeal. *See, e.g.*, *Home Depot,* 931 F.3d at 1086 (issue was not waived because "Home Depot made the same request, albeit for different (and contradictory) reasons"). And that must be especially true when, as here, the issue presented is a question of *law. See Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs.,* 872 F.3d 1161, 1164 (11th Cir. 2017) (contract interpretation is a question of law reviewed *de novo*).

Interface makes much of the fact that Mr. Gould failed until his motion for reconsideration to point the district court to *Automatic Sprinkler Corp. v. Anderson,* 243 Ga. 867, 257 S.E.2d 283 (1979), as authority for the proposition that an employer's determination under an employment agreement governed by Georgia law is judicially reviewable in the

absence of a contractual commitment of the determination to the discretion of the employer.[4] But reliance on different precedent does not a new issue make. *See Home Depot,* 931 F.3d at 1086. Throughout this litigation, Mr. Gould consistently has asserted that a determination of cause under his employment agreement must comport with the contractual definition of "cause," and Mr. Gould always has disputed that Interface has any discretion to determine cause inconsistently with that definition. That is enough to preserve the interpretative *issue* for appellate review.

Interface also argues that Mr. Gould has abandoned the interpretative issue presented because he does not claim error in the denial of his motion for reconsideration,[5] which was denied in part because the district court perceived the motion as advancing a new *argument,* as evidenced by the reliance on *Automatic Sprinkler.* (Doc. 252 at 7.) But in this appeal, Mr. Gould claims error in the summary judgment on his claim for breach of his employment agreement, which was incorporated in and made final by the final judgment, not error in the discretionary decision of the district court to decline to reopen and reconsider the summary

---

[4] (Appellee's Br. at 34-35.)

[5] (Appellee's Br. at 30-32.)

judgment. To show error in the summary judgment, it simply is not necessary for Mr. Gould to show error in the denial of reconsideration.[6] And in any event, this Court has held that, even when a district court may properly deny a motion for reconsideration because the movant waited too late to present an argument squarely and distinctly, that does not

---

[6] Indeed, the denial of reconsideration itself may *not* amount to reversible error, even if Mr. Gould had asserted it. The district court declined to reconsider the summary judgment for three distinct reasons: (1) the motion for reconsideration was not brought within the time ordinarily permitted for such motions under Northern District of Georgia Local Rule 7.2; (2) the district court perceived that Mr. Gould was presenting a new "argument"—the same new "argument" that Interface contends is not preserved for this appeal—for the first time in his motion; and (3) the district court concluded that, although Mr. Gould had shown arguable error in the summary judgment, he had not shown "clear error" that would warrant reconsideration. (Doc. 252 at 4-5, 7-8.) Putting aside the second and third grounds, it is true that Mr. Gould did not bring his motion within the time permitted under the local rule. And although the district court had *discretion* to entertain an untimely motion for reconsideration, Mr. Gould is unaware of any authority for the proposition that the failure to entertain an untimely motion is itself reversible error. Following this Court's dismissal of his earlier premature appeal (*see* Appellant's Br. at 26-27), Mr. Gould filed an out-of-time motion for reconsideration to afford the district court an opportunity to reconsider summary judgment in the light of his refined arguments about the proper interpretation of the employment agreement. But because the interpretative issue was preserved already, the motion for reconsideration was not essential for Mr. Gould to preserve the issue, and there is no requirement that he show error in the denial of reconsideration before presenting the issue to this Court on appeal. That Mr. Gould offered an additional opportunity for the district court to revisit an already-preserved issue should not impair the review of the merits of his appeal.

foreclose the movant from raising the argument on appeal, so long as the *issue* to which the argument pertains is preserved. *See Barr v. Johnson,* 777 F. App'x 298, 303 (11th Cir. 2019) ("That may have justified the district court's refusal to reconsider its grant of summary judgment, but Barr is free to make new arguments—at least, new ones advancing the same claim—on appeal that are distinct from the ones raised in the district court.").

Throughout this litigation, Mr. Gould consistently has argued that the contractual definition of "cause" is the standard by which cause for his termination must be assessed and that, whatever other discretion may be vested in Interface under the employment agreement, Interface has no discretion to decide for itself what amounts to cause, contractual definitions notwithstanding. The interpretative issue is preserved adequately, and this Court should decide on the merits whether the district court interpreted the employment agreement correctly. It did not.

## B.    The District Court Misinterpreted Mr. Gould's Employment Agreement.

Section 5(c) of Mr. Gould's employment agreement provides:

Subject to the terms of Section 5(d) below, [Interface] may terminate [Mr. Gould]'s employment hereunder, in its sole

discretion, whether with or without Cause, at any time upon written notice to [Mr. Gould].

(Doc. 4-1 at 10, § 5(c).) As Mr. Gould explained in his opening brief,[7] this provision consists of four readily identifiable components:

- An introductory phrase ("Subject to the terms of Section 5(d) below");

- An interrupted main clause ("[Interface] may terminate [Mr. Gould]'s employment hereunder . . . at any time upon written notice to [Mr. Gould]"); and

- Two distinct and separately-bounded nonrestrictive phrases, each set off by commas that precede and follow the phrase ("in its sole discretion" and "whether with or without Cause").

Citing a preeminent grammatical authority, Mr. Gould explained that the bounded phrases are most naturally and reasonably understood to *independently* modify the main clause, but neither modifies the other. Consequently, Section 5(c) as a whole is most naturally and reasonably understood to provide that Interface has the authority to terminate Mr. Gould's employment at any time upon written notice and that this authority to terminate is subject to Section 5(d), is committed to the sole discretion of Interface, and exists irrespective of cause. To be clear, Mr. Gould agrees that Interface had absolute discretion to terminate his

---

[7] (Appellant's Br. at 32-33.)

12

employment, but it never had discretion to definitively determine whether there was cause for termination, which must be determined instead by reference to specific contract language.

In conclusory fashion, Interface disputes this interpretation, but without any meaningful grammatical analysis of Section 5(c) or citation of grammatical authority. Instead, Interface misrepresents Mr. Gould's argument, claiming that, under his interpretation, "sole discretion" would not modify anything that follows it in the sentence, including not only the phrase "whether with or without Cause," but also the subsequent language about "at any time upon written notice to [Mr. Gould]." Indeed, Interface accuses Mr. Gould of "ignor[ing] the portion of [Section 5(c)] relating to the timing of termination entirely."[8] Having bootstrapped the "whether with or without Cause" phrase to the "timing of termination" language, Interface then proclaims that "[i]t would be nonsensical to read a single sentence in such a way to conclude that the decision whether to terminate is a matter of Interface's 'sole discretion,' but not the . . . timing of[] termination."[9] And for that reason, Interface suggests, surely "sole

---

[8] (Appellee's Br. at 41.)
[9] (Appellee's Br. at 41-42.)

13

discretion" must modify *everything* that follows it, including the "whether with or without Cause" phrase.[10]

The problem with this argument is that it mischaracterizes Mr. Gould's interpretation of Section 5(c). Mr. Gould consistently has urged— and did so *expressly* in his opening brief—that "sole discretion" modifies the entirety of the "main clause," which includes "at any time upon written notice."[11] No doubt, it would be odd to read an employment agreement to vest an employer with absolute discretion to fire an employee, but no discretion with respect to the timing of the termination. It seems far less odd, however, to read an agreement to vest an employer with discretion to fire an employee irrespective of cause—"whether with or without Cause"—but no discretion to conclusively determine cause. Mr. Gould's interpretation—unlike Interface's—distinguishes between the two.[12]

Mr. Gould's interpretation gives coherent meaning to the entirety of Section 5(c), and Interface's sole response—a bootstrap-and-

---

[10] (Appellee's Br. at 42.)

[11] (Appellant's Br. at 32-33.)

[12] Even if both Mr. Gould's and Interface's interpretations were reasonable, any ambiguity should be resolved against Interface as a matter of law. *Langley v. MP Spring Lake, LLC*, 307 Ga. 321, 324, 834 S.E.2d 800, 804 (2019).

mischaracterize argument—does nothing to refute his interpretation. Interface's own interpretation of Section 5(c), however, requires a rewriting of the provision. Indeed, if Section 5(c) meant what Interface claims it means, it would say:

> Subject to the terms of Section 5(d) below, [Interface] may terminate [Mr. Gould]'s employment hereunder, in its sole discretion, ~~whether~~ with or without cause~~,~~ at any time upon written notice to [Mr. Gould].

(*Cf.* Doc. 4-1 at 10, § 5(c).) Courts applying Georgia law do not interpret contracts by rewriting them.

Furthermore, in examining the terms of a contract, a court does not review contractual terms in isolation. To the contrary, a court must look to the whole agreement and endeavor to construe each of the contractual terms "in a manner that permits all of the terms contained therein to be consistent with one another." *Schwartz v. Schwartz*, 275 Ga. 107, 108, 561 S.E.2d 96, 97 (2002). *See also Archer W. Contractors, Ltd. v. Estate of Estate of Pitts*, 292 Ga. 219, 224, 735 S.E.2d 772, 777 (2012) ("Contracts must be construed as a whole, and the whole contract should be looked to in arriving at the construction of any part.") (cleaned up). In his opening

15

brief, Mr. Gould pointed to several other provisions of the employment agreement that point toward his interpretation of Section 5(c).[13]

Interface addresses these other provisions only partially and in conclusory fashion. As to Section 5(d)—a guarantee of substantial compensation in the event of a termination without cause, which would be rendered largely meaningless if Interface had an absolute and unreviewable discretion to determine cause—Interface only says that "Section 5(d) . . . is specifically referenced in Section 5(c)," although the point of this observation is unclear.[14] About the comprehensive and objective definition of "cause" in the employment agreement, Interface just says in conclusory terms that "[s]tating the grounds on which the Board would exercise its discretion to terminate Mr. Gould for Cause does not eliminate that sole discretion" and "[t]he fact that the Agreement contains a detailed definition of Cause does not create any tension with the Board having 'sole discretion' to decide whether or not 'Cause' exists."[15] And Interface does

---

[13] (Appellant's Br. at 36-40.)

[14] (Appellee's Br. at 42-43.)

[15] (Appellee's Br. at 43-44.)

not grapple at all with the other provisions of Section 5(a)(i) to which Mr. Gould pointed in his opening brief.[16]

Finally, Interface turns again to a strawman argument, citing *Automatic Sprinkler* for the proposition that contracts expressly vesting a contracting party with absolute discretion with respect to a particular contractual determination are enforceable under Georgia law.[17] Of course such contracts are enforceable, and Mr. Gould never has argued otherwise. But *his* employment agreement is not one that vests Interface with absolute and unreviewable discretion to determine cause. Consequently, under *Automatic Sprinkler,* this is a case in which the determination of cause is reviewable judicially, and the question is whether Interface's

---

[16] More specifically, Mr. Gould noted that Section 5(a)(i) refers to "alleged Cause" and explained that, if Interface really had absolute and unreviewable discretion to conclusively determine cause, it never would "allege" cause. (Appellant's Br. at 38.) Mr. Gould also noted that Section 5(a)(i) expressly confers a limited discretion to determine whether a cause for termination is remediable, but that discretion is explicitly qualified by an obligation of good faith. As Mr. Gould explained, "it would make little sense to require Interface to exercise good faith in determining whether cause was remediable if it were permitted to define cause to mean whatever it wanted, even in bad faith." (Appellant's Br. at 39.) Interface has no response at all to these arguments.

[17] (Appellee's Br. at 45-48.)

determination of cause "was in fact erroneous." *Automatic Sprinkler,* 257

S.E.2d at 284.[18]

## C.    The Summary Judgment for Interface on Mr. Gould's Claim for Breach of his Employment Agreement (and his Derivative Claim for Attorneys' Fees) Should Be Reversed.

When the employment agreement is properly understood, it be-

comes apparent that Interface would be entitled to summary judgment

on Mr. Gould's claim for breach of the agreement (and his derivative at-

torneys'-fee claim) only if the evidence indisputably compelled the con-

clusion that Interface actually had cause—as defined in the employment

agreement—to fire Mr. Gould. As Mr. Gould explained at length in his

---

[18] Interface boldly proclaims that "Georgia law affords employers and other contracting parties either absolute discretion or qualified discretion in exercising decision-making authority granted to them under contractual agreements" (Appellee's Br. at 38), such that any decision of consequence under a contract either is not judicially reviewable at all or is reviewable only for the absence of good faith. But *Automatic Sprinkler* makes clear that only contracts explicitly conferring discretion can so insulate a contracting party from judicial scrutiny. When a contract does *not* confer discretion over a particular determination, a court may review the determination to assess simply whether it "was in fact erroneous." 257 S.E.2d at 284. Mr. Gould's employment agreement confers no discretion—absolute or qualified—on Interface to determine cause, and the critical issue in this case, therefore, is whether Interface's determination of cause to terminate is "in fact erroneous." For this reason, Interface's argument that Mr. Gould failed to identify a genuine issue of disputed fact about good faith (Appellee's Br. at 49-54) affords no alternative basis for affirming the judgment below.

opening brief, the evidence is not nearly so one-sided.[19] Although Interface points to some evidence that might support a finding of cause,[20] that evidence hardly compels a finding of cause. Viewed in the light most favorable to Mr. Gould, there are genuine issues of disputed fact about whether his consumption of alcohol amounted to the abuse of alcohol in the specific context of the January 2020 company retreat, and whether he spoke abusively to Ms. Millsaps-Morris presents a classic "he said, she said" credibility dispute. These sorts of conflicts in the evidence must be resolved by a jury, not on summary judgment. *See Jackson v. JHD Dental, LLC,* No. 1:10-CV-00173-JEC, 2011 U.S. Dist. LEXIS 63015, at *21 (N.D. Ga. June 14, 2011) ("As a general matter, whether an employee acts unprofessionally or in a manner that discredits his employer's 'reputation, character and standing' is a question of credibility that must be resolved by the jury."). *See also Russell v. Bd. of Trs.,* 243 F.3d 336, 340 (7th Cir. 2001) ("[S]ummary judgment is a singularly inappropriate time to resolve a 'he said, she said' kind of dispute.").

---

[19] (Appellant's Br. at 42-46.)
[20] (Appellee's Br. at 55-57.)

## CONCLUSION

For these reasons, the Court should reverse the award of summary judgment to Interface on Mr. Gould's claim for breach of his employment agreement, as well as his derivative claim for attorneys' fees.

Respectfully submitted,

*/s/ Keith R. Blackwell*
Keith R. Blackwell
  Georgia Bar No. 024493
John E. Stephenson, Jr.
  Georgia Bar No. 679825
Christopher C. Marquardt
  Georgia Bar No. 471150
Leigh R. Shapiro
  Georgia Bar No. 408330
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,085 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as counted by Microsoft® Word, the word processing software used to prepare this brief.

The undersigned hereby certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Word, Century Schoolbook, 14 point.

*/s/ Keith R. Blackwell*
Keith R. Blackwell
 Georgia Bar No. 024493
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

I further certify that I have caused a true and correct copy of this brief to be deposited in the United States Mail, postage prepaid and addressed as follows:

> Stephen E. Hudson
> Thomas M. Clyde
> Lesli Nicole Gaither
> Curtis Allen Garrett, Jr.
> Brittany Nash
> Kilpatrick Townsend & Stockton, LLP
> 1100 PEACHTREE ST STE 2800
> ATLANTA, GA 30309

*/s/ Keith R. Blackwell*
Keith R. Blackwell
 Georgia Bar No. 024493
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000